**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EDGAR ARTURO SAZO, (TDCJ #01671069) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-0415 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**MEMORANDUM AND ORDER**

Petitioner Edgar Arturo Sazo, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction and sentence. Sazo proceeds *pro se* and presumably moves for leave to proceed *in forma pauperis*. The threshold issue is whether Sazo has exhausted his state court remedies as required for this case to proceed. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes this case must be dismissed. The reasons are explained below.

**I. Background[1]**

Sazo is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of a 2010 conviction in Montgomery County

---

[1] The Court takes judicial notice of information pertaining to the status of Sazo's state court proceedings from publicly available state court records. *See* Website for Texas Court of Criminal Appeals, available at http://www.txcourts.gov/cca (last visited on Feb. 13, 2018).

Cause Number 10-08-09212-CR. Sazo was convicted of murder and sentenced to 30 years' imprisonment. The Ninth Court of Appeals of Texas affirmed Sazo's conviction on direct appeal. *Sazo v. State*, No. 09-10-00460-CR, 2011 WL 3925671 (Tex. App.—Beaumont 2011, no pet.). Sazo did not file a petition for discretionary review.

In a petition dated February 6, 2018, Sazo now seeks a federal writ of habeas corpus to challenge his conviction for murder. In his petition, Sazo alleges he is entitled to relief based on the following grounds: (1) involuntary guilty plea; (2) prosecutorial misconduct; (3) due process violations during the police investigation; (4) ineffective assistance of trial counsel; and (5) violation of his Fifth Amendment privilege against self-incrimination. Sazo has not filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge this conviction. Thus, the Texas Court of Criminal Appeals has not addressed the issues that he now attempts to present in federal court. Because the state's highest court of criminal jurisdiction has not yet completed its review of that application, the pending federal petition must be dismissed for reasons that follow.

## II.   Exhaustion of Remedies

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional,

but reflects a policy of federal-state comity ... designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (quoting *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir.

3

2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The pleadings in this case as well as the Court's independent review of available state court records demonstrate that the Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, Sazo does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed Sazo's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III. Certificate of Appealability

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well-established, the

4

court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability will not issue in this case.

**IV.   Conclusion and Order**

Based on the foregoing, the Court orders as follows:

1. This case is **DISMISSED** without prejudice for failure to exhaust all available remedies on all claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on _____FEB 2 1 2018_____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE